LEO MORTENSEN, Commissioner Savings and Loan Review Board
You ask whether officer and director salary information submitted to the commissioner of savings and loan in an absorption application is exempt from disclosure under the public records law.
You advise that the absorption of one savings and loan association by another must be approved by the commissioner of savings and loan (state commissioner) under sections 215.53 and215.73, Stats., and by the federal home loan bank board (federal board). If it involves a capital stock association it must be approved by the federal securities and exchange commission.
Absorption applications filed with the federal regulators are required to contain salary information about all officers and directors involved. You advise that state law does not specify required information, but it has been the long-standing practice of your agency to allow associations to submit copies of the same applications submitted to the federal regulators. Independent of federal requirements you would require submittal of salary information about the association to be absorbed in order to review compliance with section S-L 9.035 of the Wisconsin Administrative Code. It provides that as a condition precedent to approval of an absorption under section 215.53 or 215.73, it must be determined by the commissioner that compensation to officers, directors and employes of the absorbed association is not excessive.
Your question requires an interpretation of section 19.36 (1), which reads as follows:
 APPLICATION OF OTHER LAWS. Any record which is specifically exempted from disclosure by state or federal law or authorized to be exempted from disclosure by state law is exempt from disclosure under s. 19.35 (1), except that any portion of that record which contains public information is open to public inspection as provided in sub. (6). *Page 21 
You direct my attention to 12 C.F.R. § 505.5 (1987) which contains the federal board's regulations on information that is exempt from disclosure under the federal Freedom of Information Act (5 U.S.C. § 552 (1977)). The pertinent parts read as follows:
 (a) General rule. Except as otherwise provided in this Part or as may be specifically authorized by the Board, information of the Board that has not been published in accordance with § 505.3 and is not available to the public through other sources will not be made available to the public or otherwise disclosed if such information is —
. . . .
 (3) Privileged or related to the business, personal, or financial affairs of any person and is furnished in confidence;
. . . .
 (6) Contained in personnel, medical, and similar files (including financial files), the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; or
. . . .
 (b) Information available to insured institutions and to State and Federal agencies. A copy of each report of the regular examination of each insured institution or affiliate is made available by the Board's Supervisory Agent at the appropriate Federal Home Loan Bank to the institution examined. Reports of examination and other information relating to State-chartered insured institutions and affiliates are made available, upon request, by the Director of the Board's Office of Examinations and Supervision to the State governmental authority having general supervision of such State-chartered insured institutions. Reports of examination and other information may be made available by the Board to other agencies of the United States or a State for use where necessary in the performance of their official duties. All reports or other information made available pursuant to this paragraph shall remain the property of the Board and, except as otherwise provided in this Part, no person, agency, or authority to whom the information is made available or any officer, director, or employee thereof, shall disclose any such information except in published statistical material that would not disclose the affairs of any individual or corporation. *Page 22 
 (c) Prohibition against disclosure. Except as authorized by this Part or otherwise by the Board, no officer, employee, or agent of the Board or of any Federal Home Loan Bank shall disclose or permit the disclosure of any unpublished information of the Board to anyone (other than an officer, employee, or agent of the Board or of a Federal Home Loan Bank properly entitled to such information for the performance of his official duties), whether by giving out or furnishing such information or a copy thereof or by allowing any person to inspect, examine, or copy such information or copy thereof, or otherwise. Notwithstanding the foregoing, unpublished economic, statistical or similar information or unpublished information regarding interpretations by the Board of statutory or regulatory provisions may be disclosed, orally or in writing, by any officer, employee, or agent of the Board or of any Federal Home Loan Bank, acting in his capacity as agent of the Board, subject, however, to the restrictions stated in § 505.5 of this Part.
(Emphasis added.)
You state that the federal board has construed the provisions of section 505.5 (a)(3) and (6) to preclude the disclosure of salary information contained in absorption applications received by the board. The question is whether the federal exemption is incorporated in our state public records law by virtue of section19.36 (1). With one qualification, I think it is not.
In my opinion section 19.36 (1) is intended to incorporate federal law that specifically requires a state governmental entity to keep a particular type of record confidential. Normally such federal confidentiality provision will exist in the context of a federal program or regulatory scheme under which the state governmental entity is required to or has agreed to perform certain responsibilities. Examples include handicap status, sex and ethnic information obtained by the state as part of its affirmative action program. This was discussed in 73 Op. Att'y Gen. 26, 29-30 (1984). Another example is the federal requirement that states participating in the AFDC program must keep confidential information concerning applicants and recipients.42 U.S.C. § 602 (a)(9) (1983); 45 C.F.R. § 205.50 (a)(1) (1986); State ex rel. Dombrowski v. Moser, 113 Wis.2d 296, 299,334 N.W.2d 878 (1983). *Page 23 
The provisions of 12 C.F.R. § 505.5 (a) do not purport to apply to any state agency or program. They apply to information received by the federal board. A major distinguishing factor is that the state's regulation of savings and loan associations is not pursuant to or dependent upon or in concert with any overarching federal program or regulatory scheme. The state's regulatory authority in this area is independent and coordinate. Therefore, there would be a question whether the federal board would even have the legal authority to impose the restrictions of12 C.F.R. § 505.5 on state regulators.
The one qualification comes from 12 C.F.R. § 505.5 (b). It provides that if a state regulator receives confidential information from the federal board, it must honor the confidentiality of the information. This is necessary and appropriate to ensure that the federal board is preserving its own policies, but it does not extend confidentiality to similar information which is received directly from an association by the state regulators in accordance with state policies.
You note that section S-L 1.15 (3)(a)5. of the Wisconsin Administrative Code might be used to exempt disclosure of the salary information. It exempts "[i]nformation which in the opinion of the legal custodian invades personal privacy to such an extent as to outweigh the public interest in disclosure." However, you believe this administrative rule which was adopted in 1976 has been superceded by the codification of public records law in sections 19.31 to 19.39, created by chapter 335, Laws of 1981.I would agree that a state agency may not adopt an administrative rule that is inconsistent with or departs from the statutory public records law, unless the state agency is given express authority to do so. It may be that section S-L 1.15 (3)(a)5. of the Wisconsin Administrative Code could survive a challenge because its formulation could be construed to be compatible with the common law balancing test which is carried over in the new law and which would possibly be applied to keep the subject salary information confidential. However, such a determination must be made on a case-by-case basis. Secs. 19.31
and 19.35 (1)(a), Stats.
DJH:RWL *Page 24